WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Vallejo, | CV 08-500 TUC DCB |
| Plaintiff, | |
| v. | **ORDER** |
| City of Tucson, et al., | |
| Defendants. | |

The Court grants the Defendants' motion to dismiss

### Introduction

Frank Vallejo ("Plaintiff") is a forty-eight year-old Mexican-American, disabled veteran, and a resident of Pima County, Arizona. The City of Tucson ("Defendant") is a municipal corporation responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the election division of the office of the Tucson City Clerk and its employees comply with the laws of the Constitution of the United States and of the State of Arizona. Additional defendants include the Tucson City Clerk and other city employees.

On November 6, 2007, Plaintiff attempted to vote in a city-wide general election. He was blocked from casting a ballot by poll workers due to a lack of sufficient identification. The Plaintiff presented a military identification card and an Arizona driver's license. Both were deemed inadequate forms of identification because they did not indicate his correct address. On November 7, 2007, Plaintiff spoke with Defendants, who acknowledged the Plaintiff was wrongfully denied his right to vote to the extent that he should have been provided with a provisional ballot rather than being turned away.

Plaintiff asserts he has suffered injuries and damages due to his inability to vote on November 6, 2007, and his injuries were a direct cause of Defendants' failure to adequately train and supervise poll workers. Specifically, Vallejo states that poll workers were not adequately trained regarding the administration of provisional ballots which violated his constitutional right to vote. In addition, Mr. Vallejo complains his right to vote was abridged through voting qualifications and prerequisites.

Plaintiff filed a Complaint on November 20, 2008, alleging; 1) a violation of his constitutional rights under the Fourteenth Amendment to be free from unreasonable and illegal restrictions on his right to vote, and 2) a violation of his right to equal enforcement of the Voting Rights Act by the abridgement of his right to vote. Plaintiff seeks relief under 42 U.S.C. § 1983 for deprivation of his constitutional rights. He seeks relief under 42 U.S.C. § 1973 (Voting Rights Act) for denial or abridgement of his right to vote on account of race or color through voting qualifications or prerequisites. Plaintiff seeks money damages, injunctive, and other equitable relief.

The Defendants ask the Court to dismiss the case, pursuant to Rule 12(b)(6), because the Complaint fails to state a claim upon which relief may be granted. Alternatively, Defendants pray for summary judgment on all of Plaintiff's claims pursuant to Rule 56. The Court finds that the alleged facts formulate nothing more than a garden variety election irregularity with no hint of intentional discrimination either in this individual instance or election-wide. The Court grants Defendants' Rule 12(b)(6) motion to dismiss.

**Standard of Review**

The Supreme Court has explained that to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations and internal quotations omitted). "While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. at 1964. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1968 (abrogating a literal reading of *Conley*: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

Under Rule 12(b)(6), all factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500, 1504 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the nonmoving party as well. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997). Dismissal is appropriate if the facts alleged do not state a claim that is "plausible on its own face." *Twombly*, 127 S. Ct. at 1973. Plaintiff must allege facts which plausibly support his claims; it is not enough if the facts are merely consistent with his claims. *Id*. at 1959. The Supreme Court has found this reflects the Rule 8(a)(2) threshold requirement that the "plain statement" possess enough heft to show that the pleader is entitled to relief. *Id*.

**Discussion**

**I.    Fourteenth Amendment Claim**

**A.    Due Process Claim**

Plaintiff has not set forth facts to support a prima facie claim of discrimination under the Fourteenth Amendment and the claim is dismissed.

To receive federal relief under 42 U.S.C. §1983, the plaintiff must prove that the state's action was so willfully malicious as to interfere with the fairness of the election, not merely a "garden variety election dispute." *See Bennet v. Yoshina,* 140 F.3d 1218, 1226 (9th Cir. 1998) (drawing a distinction between "garden variety" election irregularities and a

pervasive error that undermines the integrity of the vote). Conduct on the part of the state actor must be more than negligent in order to find a cognizable claim under §1983 based on violations of the due process clause. *Shannon v Jacobowitz*, 394 F.3d 90, 95 (2nd Cir. 2005) (holding voting machine malfunctions, absent an allegation of intentional conduct by a government or its officials, cannot constitute a due process violation). Therefore, if a plaintiff can establish nothing more than "unintended irregularities" in the conduct of elections, he is barred from obtaining § 1983 relief in federal court. *Gold v. Feinberg*, 101 F.3d 796, 800 (2nd Cir. 1996).

Multiple courts have determined that "Election Law, as it pertains to state and local election, is for the most part a preserve that lies within the exclusive competence of the state courts."[1] *Nolles v. State Committee for Reorganization of School Districts*, 524 F.3d 892, 898 (8th Cir. 2008*)*; *Bonas v. Town of N. Smithfield*, 365 F. 3d 69, 74 (1st Cir. 2001*)*; *Powell v. Power,* 436 F.2d 84, 86 (2nd Cir. 1970)*.* The Federal courts should reserve §1983 relief to cases where "the election process itself reaches the point of patent unfairness," that is, "where broad-gauged unfairness permeates an election, even if derived from apparently neutral action." *Griffin v. Burns*, 570 F.2d 1065, 1077 (1st Cir. 1978).

Mr. Vallejo does not state any facts which show that his rights were intentionally or willfully violated. Both the election official at the polling place and the City of Tucson have admitted that Mr. Vallejo should have received a provisional ballot. There is no allegation that he was not given the provisional ballot because of his race. There is no allegation that the procedures for providing provisional ballots have a discriminatory impact on minorities. Mr. Vallejo fails to allege anything more than an isolated error which occurred in an

---

[1] Some courts have made the existence of a state law remedy a factor in determining whether a plaintiff may seek relief under §1983 for a due process violation. *See Gold*, 101 F.3d at 802. Arizona provides a remedy in the election challenge statutes. Ariz. Rev.Stat. Ann. §§16-672 - 16-676 (2009). (granting the right of an elector to contest the election of any individual in state office due to misconduct of any election official if brought within five days); Ariz. Rev. Stat. Ann. §§ 12-2021 - 12-2030 (2009)(mandamus statutes); Ariz. Rev. Stat. Ann. §§ 12-1831 - 12-1846 (2009)(declaratory judgment statutes).

otherwise lawful election. None of the facts allege that such a grave and intentional error has occurred so as to render the election unfair.

Because the Plaintiff fails to allege any facts which, if proven, would entitle him to relief, the motion to dismiss the due process claim is granted.

**B.     Equal Protection Claim**

The motion to dismiss the equal protection claim is granted because the Plaintiff has failed to set forth facts to state such a claim.

To warrant relief under §1983 for a violation of equal protection, there must be "intentional and purposeful discrimination." *City of Mobile v. Bolden,* 446 U.S. 55, 66 (1980) (requiring proof of discriminatory intent for all constitutional claims). Although the Voting Rights Act was later amended by Congress to exclude the need to prove intent, *Bolden* continues to control in all constitutional claims. *Taylor v. Haywood County, Tennessee*, 544 F. Supp. 1122, 1134 (W.D. Tenn, 1982).

To assert a violation of the equal protection clause, Vallejo must show that the Defendants intentionally and purposefully discriminated against him on voting day. Though the defendants admit that Mr. Vallejo was incorrectly denied a provisional ballot, there is no factual allegation or inference to support a claim that this mistake was made intentionally with the purpose of discriminating against Mr. Vallejo based on his race. Mr. Vallejo inaccurately uses a "results" test to allege his constitutional rights were violated. He alleges that because he is a minority who was denied the right to vote, he was discriminated against. Beyond the alleged discriminatory result, Mr. Vallejo must show purpose and intent. *Taylor*, 544 F. Supp. at 1134; *Gomez v. City of Watsonville*, 863 F.2d 1407, 1411 (9th Cir. 1988).

The motion to dismiss the equal protection claim is granted.

**II.     Voting Rights Act Claim**

Plaintiff has not set forth sufficient facts to support a prima facie claim of a Voting Rights Act violation, and the motion to dismiss this claim is granted.

Under Section 2 of 42 U.S.C. §1973, a plaintiff must prove that; 1) the challenged circumstances constitute a voting qualification, prerequisite, standard practice, or procedure imposed by the defendant, and 2) those circumstances resulted in members of a protected class having less opportunity to participate in the political process. *U.S. v. Jones,* 57 F.3d 1020, 1023 (11th Cir. 1995). An inadvertent error does not constitute a standard practice or procedure under Section 2. *Id.* at 1024. The 1982 Amendments to the Voting Rights Act replaced the "intent" test with a "results" test. *Gomez* 863 F.2d at 1411. Therefore, the plaintiff need not prove intent, but merely that the electoral process is not equally open to participation by the members of a racial minority. *Id.*

Mr. Vallejo offers no facts to show that the Defendants committed anything more than an inadvertent error. The City's "standard, practice, or procedure" was to follow state law. This includes allowing persons such as Mr. Vallejo with insufficient identification to vote using a provisional ballot. The Court finds the failure to issue Mr. Vallejo a provisional ballot was an isolated incident and in no way affected the standard, practice, or procedure of the election.

There is no allegation that Mr. Vallejo was discriminated against based on his race, the second requirement of Section 2 of the Voting Rights Act. Instead, Plaintiff admits the error in the voting process occurred as a result of his having insufficient identification. While Mr. Vallejo need not prove intent, he must prove that the process is not equally open to participation by members of a minority. He has not even alleged that here.

The motion to dismiss the Voting Rights Act claim is granted.

**Conclusion**

The Court dismisses Plaintiff's claims under the Fourteenth Amendment Due Process and Equal Protection clauses of the Constitution and the Voting Rights Act.

**Accordingly**,

**IT IS ORDERED** that Defendants' Motion to Dismiss (doc. # 6) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 26th day of June, 2009.

David C. Bury
United States District Judge